J-A22012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEJANDRO SANCHEZ-TORRES, | |
| Appellant | No. 526 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 29, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004708-2015

BEFORE:  BENDER, P.J.E., NICHOLS, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 20, 2018**

Appellant, Alejandro Sanchez-Torres, appeals from the judgment of sentence of an aggregate term of 32-65 years' incarceration, imposed following his conviction for a number of sexual offenses committed against a minor.  After careful review, we affirm.

The trial court briefly summarized the facts of this case as follows:

> The charges against [Appellant] and [his] co-defendant[, Carolina Lemus-Almanza,] were the result of an investigation that began on October 13, 2015, after a third party discovered disturbing Facebook instant messages between [Appellant] and [his] co-[d]efendant about sexual acts they performed on the then 2[-]year[-]old victim.  The discovery was reported immediately to the police. When questioned by police, the co-defendant confessed to committing these sexual acts on the victim for sexual gratification.  Further investigation found that the sexual assaults

---

[*] Former Justice specially assigned to the Superior Court.

began when the victim was six months old and continued for one-and–a-half years.

Trial Court Opinion (TCO), 4/5/18, at 17-18. Ms. Lemus-Almanza testified against Appellant at his trial. Her testimony was consistent with the following facts set forth at her plea hearing:

> Carolina Lemus-Almanza, along with her boyfriend, [Appellant], engaged in the sexual abuse of [Lemus-Almanza's] biological daughter, ASL, from, approximately, January 1st of 2014 through October 13th, 2015, in Kennett Square, Chester County, when the victim was between the ages of six months to two years old. The sexual abuse occurred at [Lemus-Almanza]'s two different residences. …
>
> Both co-defendants digitally penetrated the child's vagina and rectum on multiple occasions, and touched the child's sexual or intimate body parts with their hands and mouths; both took naked images of the child for their sexual gratification with their cell phones. [Lemus-Almanza] sent [Appellant] numerous naked images of the child in a variety of lewd and lascivious poses upon his request.
>
> During the year and a half of abuse, they would routinely place the child on their bodies while they engaged in sexual intercourse with each other and would also touch the child's sexual or intimate body parts simultaneously.
>
> [Appellant] solicited [Lemus-Almanza] to allow him to engage in vaginal and anal intercourse with the child. This solicitation was made through a Facebook exchange between the co-defendants in mid-October, 2015, but, according to [Lemus-Almanza], did not happen because on or around October 12th, 2015, a friend of [hers] discovered this Facebook conversation, along with the images of the child that were in a private conversation between the two on their Facebook accounts where they discussed other sexual acts they were interested in performing on the child, including oral, vaginal, and anal sex.
>
> This friend reported that [conversation] to the police the following day and the Facebook messages between the two and the naked images of the child were recovered by police.

On October 13th, 2015, Chester County Detective Oscar Rosado, who then worked at the Kennett Square Police Department, interviewed [Lemus-Almanza]. She admitted that she had taken naked images of her daughter and sent them to the [Appellant] for his sexual gratification upon his request. She confessed that she had touched her daughter's vagina with her fingers and on multiple occasions with her mouth. She also told the officer that she needed help.

She stated that [Appellant] also touched the victim's vagina and anus with his fingers. [Lemus-Almanza] also indicated she had touched the child's anus with her fingers as well [as her] mouth on multiple occasions, and that [Appellant] had taken at least eight or nine naked images of the child while in [her] presence.

[Lemus-Almanza] later disclosed that she and the co-defendant engaged in sexual assaults of the victim almost every time they had sex, which occurred, approximately, one to two times a week for over a year and a half.

*Id.* at 18-19 (quoting N.T. Co-defendant's Plea, 6/2/16, at 4-7).

The Commonwealth ultimately filed an amended criminal information[1]

charging Appellant with the following offenses:

[T]en counts of involuntary deviate sexual intercourse ["IDSI"], in violation of 18 Pa.C.S.[] § 3123(b); five counts of aggravated indecent assault, in violation of 18 Pa.C.S.[] § 3125(a)(1) and (b); five counts of indecent assault, in violation of 18 Pa.C.S.[] § 3126(a)(7); unlawful contact with minor, in violation of 18 Pa.C.S.[] § 6318(a)(1); corruption of minors, in violation of 18 Pa.C.S.[] § 6301(a)(1)(ii); three counts of sexual abuse of children, in violation of 18 Pa.C.S.[] § 6312(d); criminal solicitation of rape of a child, in violation of 18 Pa.C.S.[] §§ 902 and 3121(c); and seven counts of conspiracy, in violation of 75 Pa.C.S.[] § 903(c).

---

[1] The Commonwealth had initially charged Appellant with numerous counts of incest with minor, 18 Pa.C.S. § 4302(b)(1), before withdrawing those counts when it was discovered that he was not the biological father of the victim.

*Id.* at 2. However, "the Commonwealth did not proceed at trial on the counts of corruption of minors or conspiracy to commit corruption of minors." *Id.*

Appellant's trial began on January 9, 2017, and concluded on January 12, 2017, when the jury convicted Appellant on all counts. On August 29, 2017, the trial court sentenced Appellant as follows:

> Count 1—[IDSI] with a child—a term of imprisonment of 20 to 40 years.
>
> Counts 2-10—[IDSI] with a child—a term of imprisonment of 20 to 40 years, concurrent with count 1.
>
> Count 11—aggravated indecent assault of a child—a term of imprisonment of 5 to 10 years, consecutive to count 1.
>
> Counts 12-15—aggravated indecent assault of a child—a term of imprisonment of 5 to 10 years, concurrent with count 11 and consecutive to count 1.
>
> Counts 16-20—indecent assault of a child less than 13 years of age—a term of imprisonment of 1 to 2 years to be served concurrent with count 1.
>
> Count 21—unlawful contact with a minor—a term of imprisonment of 5 to 10 years, consecutive to count 11.
>
> Counts 23-25—sexual abuse of children—a term of imprisonment of 1 to 2 years to be served concurrent with count 1.
>
> Count 26—criminal solicitation of rape of a child—a term of imprisonment of 5 to 10 years to be served concurrent with count 1.
>
> Count 27—conspiracy to commit involuntary deviate sexual intercourse with a child—a term of imprisonment of 5 to 10 years to be served concurrent with count 1.
>
> Count 28—conspiracy to commit aggravated indecent assault of a child—a term of imprisonment of 3 to 6 years, to be served concurrent with count 1.

Count 29—conspiracy to commit indecent assault of a child less than 13 years of age—a term of imprisonment of 1 to 2 years to be served concurrent with count 1.

Count 30—conspiracy to commit unlawful contact with a minor— a term of imprisonment of 2 to 5 years to be served consecutive to count 21.

Count 32—conspiracy to commit sexual abuse of children (possession of child pornography)—a term of imprisonment of 1 to 2 years to be served concurrent with count 1.

Count 33—conspiracy to commit sexual abuse of children (dissemination of child pornography)—a term of imprisonment of 1 to 2 years to be served concurrent with count 1.

*Id.* at 4. Thus, Appellant was sentenced to an aggregate term of 32-65 years' incarceration. He filed a timely post-sentence motion on August 30, 2017, and an amended post-sentence motion by leave of court on December 8, 2017, which was denied on January 22, 2018.

Appellant filed a timely notice of appeal on February 14, 2018. He filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on February 27, 2018. The trial court issued its Rule 1925(a) opinion on April 5, 2018. Appellant now presents the following questions for our review:

1. Whether the trial court's sentence was excessive, given the similarity of conduct engaged in by [A]ppellant, as compared to that encompassed in the counts to which the co-defendant ple[]d guilty, as well as the lack of any statement by the court, on the record, explaining the reasons for the disparity of sentences imposed?

2. Was there insufficient evidence of the essential element of "penetration" for the offense of [IDSI]?

3. Was there insufficient evidence presented from which the jury could have properly concluded that [A]ppellant committed ten (10) counts of IDSI?

Appellant's Brief at 7.

We first address the Commonwealth's claim that Appellant waived both of his sufficiency arguments, questions 2 and 3 above, due to his failure to raise those claims in his Rule 1925(b) statement. We are compelled to agree. All three claims raised in Appellant's 1925(b) statement concerned sentencing issues. Appellant's Rule 1925(b) Statement, 2/27/18, at 1 (single unnumbered page). No claims raised therein addressed the sufficiency of the evidence. *See id.* Thus, Appellant's sufficiency claims have been waived. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

Appellant's remaining claim asserts that the trial court erred because it failed to justify why he received a substantially longer sentence than his co-defendant, who had engaged in nearly identical criminal conduct, but who was only sentenced to an aggregate term of 18-36 years' incarceration. *See* Appellant's Brief at 11. This argument constitutes a challenge to the discretionary aspects of Appellant's sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

> from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912-13.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id.***

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

We note that Appellant initially preserved this claim in his post-sentence motion. ***See*** Appellant's Amended Post-Sentence Motion, 12/8/17, at 1 ¶¶ 1-2. He filed a timely notice of appeal, and further preserved the issue in his Rule 1925(b) statement. Appellant also provides a Rule 2119(f) statement in his brief. Appellant's Brief at 11. However, the Commonwealth contends that Appellant fails to present a substantial question for our review. We agree.

First, Appellant does not identify how any disparity between his and his co-defendant's sentence is inconsistent with a specific provision of the Sentencing Code. No provision of the code, to our knowledge, dictates that

co-defendants engaging in similar conduct should receive similar sentences. Indeed, we are unaware of any provision of the code that suggests that the sentence of a co-defendant is a relevant factor at a defendant's sentencing hearing, either substantively or procedurally. Therefore, Appellant's assertion that the court was somehow required to issue a statement explaining a disparity with his co-defendant's sentence has no foundation in the Sentencing Code.

Second, disparity in sentencing between co-defendants, even for those who commit similar crimes, is not contrary to the fundamental norms that underlie the sentencing process. To the contrary, the relevant fundamental norm underlying the sentencing process is our courts' commitment to individualized sentences. As our Supreme Court explained in *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988),

> Courts are not permitted to mete out punishment based on the mere fact of the crime. On the contrary, sentencing must result both from a consideration of the nature and circumstances of the crime as well as the character of the defendant. The sentencer has broad discretion to choose a penalty from sentencing alternatives and the range of permissible confinements, provided the choices are consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. Discretionary sentencing, in sum, means that a defendant cannot be punished on the basis of the crime alone.

*Id.* at 13.

Here, Appellant essentially argues the opposite—that the similarity in crimes committed by he and his co-defendant demand similar sentences. No such principle constitutes a fundamental norm underlying the sentencing

process. Accordingly, because we agree with the Commonwealth that Appellant has failed to articulate that he presents a substantial question for our review, we lack jurisdiction to review his discretionary aspects of sentencing claim.

Judgment of Sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/18